STATE of North Dakota, Plaintiff and Appellee,

v.

Lonnie POITRA, Defendant and Appellant.

Cr. No. 628.

Supreme Court of North Dakota.

May 12, 1978.

Richard L. Schnell, State's Atty., Mandan, for plaintiff and appellee State of

North Dakota; argued by Thomas M. Tuntland, Asst. State's Atty., Mandan.

Bair, Brown & Kautzmann, Mandan, for defendant and appellant; argued by Dwight C. H. Kautzmann, Mandan.

VOGEL, Justice.

After a jury trial, the appellant was found guilty of the Class C felony of aggravated assault. His appeal to this court is based upon an allegation of error in the rejection of evidence to the effect that a person other than the defendant made an admission, against his penal interest, in which he admitted causing the injury which constituted the aggravation of the assault. The appellant admits being involved in a fight with the complainant, but alleges that his involvement was only defensive and that the injury which was the result of the aggravated assault (a severely split lip) was not inflicted by him but by the third person.

More specifically, the issue before us is whether evidence of an admission against penal interests by a person not present at the trial, but whose deposition has been taken, and whose statement, if admitted, would be exculpatory of the defendant, is admissible. Under the circumstances of this case, we hold that the testimony was not admissible, and that no error was committed, and we therefore affirm the judgment of conviction.

The complainant, Raymond Vetter, was injured in an affray which began shortly after the closing of a bar along the "strip" in Mandan. One group of patrons of the bar was attempting to "hotwire" the ignition of a pickup, the key of which had broken. This group included the defendant, an American Indian, and others, both Indian and white. According to one version, when Vetter came out of the bar, he inquired whether "you Indians" were stealing a pickup. According to his version, he made no such statement, but offered his help as an auto mechanic. The defendant admits that he struck Vetter on the side of

the face and kicked him in the stomach, but denies that either the blow or the kick struck Vetter on the lip. The defendant claims that his actions were taken in self-defense. Vetter remembers only being struck once with a fist and says that he was unconscious thereafter. Other witnesses assert that the defendant kicked Vetter in the area of the chin, after he was on the ground. The defendant denies this.

Medical testimony was to the effect that a blow from a fist would not be likely to cause the injury suffered, and certainly not without some injury to the fist. The defendant's hands were not injured. It is more likely that the injury was caused by a hard object such as a boot. Both the defendant and the third party, to whom the defendant attributes the injury suffered by Vetter, wore boots on the night in question.

It is the defendant's contention that a Wesley Ortley kicked the defendant after he was on the ground and that the aggravated injury (the split lip) of Vetter was caused by Ortley, not by the defendant.

Ortley was arrested by Federal authorities shortly after the affray, on charges having nothing to do with the present case. By agreement of counsel, his deposition was taken. He denied his own participation in the fight, and denied seeing any fight on the night in question, although he was a member of the party attempting to "hotwire" the pickup.

The controversy over the admission of Ortley's alleged admissions against penal interest arose during the examination of a witness, Roy Moran:

"Q. [By Mr. Kautzmann, defendant's attorney] . . .

"Do you recall Lesley [*sic*] Ortley said to the Foxy Lady,[1] Quote, I really should kick that guy. And Foxy Lady said, 'You shouldn't have kicked that guy like that.' That's what she said to him?

"A. That's what she said to him.

---

1. This is a reference to a citizen's band "handle" used by the woman in question, who was not otherwise identified and could not be produced by either side at the trial.

"Q. Do you recall Ortley saying to her, 'I should kick [2] that guy'?

"MR. SCHNELL [State's Attorney]: I would object. Hearsay.

"THE COURT: Sustained.

"THE WITNESS: What was that again?

"MR. KAUTZMANN: He brought it up on direct as to conversations in the pickup.

"THE COURT: It's hearsay. I don't remember him bringing it up.

"MR. KAUTZMANN: I think if we read back—

"THE COURT: The objection is sustained, Mr. Kautzmann.

"MR. KAUTZMANN: Okay.

"THE COURT: When I sustain an objection to the hearsay rule, if you are relying on some exception, let me know, otherwise the objection will be sustained.

"MR. KAUTZMANN: I was relying on the fact that he had brought it up, but you have ruled on it."

The defense asserts that the excluded evidence should have been admitted by reason of the language of Rule 804(b)(3), North Dakota Rules of Evidence, identical to Rule 804(b)(3), Federal Rules of Evidence:

"RULE 804. Hearsay Exceptions: Declarant Unavailable.

. . . . .

"(b) Hearsay exceptions.

. . . . .

"(3) Statement against interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability or to render invalid a claim by him against another or to make him an object of hatred, ridicule, or disgrace, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement. A statement or confession offered against the accused in a criminal case, made by a codefendant or other person implicating both himself and the accused, is not within this exception."

The State, on the other hand, while admitting that the evidence might be otherwise admissible under Rule 804(b)(3), asserts that it is rendered inadmissible by reason of the fact that the declarant was not unavailable, his deposition having been taken. The State points to the provisions of Rule 804(a)(5):

"RULE 804. Hearsay Exceptions:

"(a) Definition of unavailability. 'Unavailability as a witness' includes situations in which the declarant—

. . . . .

"(5) is absent from the hearing and the proponent of his statement has been unable to procure his attendance (or in the case of a hearsay exception under subdivision (b)(2), (3), or (4), his attendance or testimony) by process or other reasonable means."

The State also asserts that the purported admission against penal interest was not admissible because evidentiary foundation for it had not been supplied, particularly because there was no showing of corroborating circumstances indicating trustworthiness and that the declarant was unavailable.

We agree with the State on the first point, and do not reach the second. Rule 804 indicates that declarations against penal interest are admissible as an exception to the hearsay rule only when the declarant is unavailable. The statement of Ortley was plainly hearsay, as both sides agree. It was admissible only under Rule 804(b)(3) as

---

**2.** The defense asserts that the transcript is in error here, that the verb "kick" should have been "kicked" and the word "should" was erroneously transcribed, the witness having used a scatological term of similar sound. For the purpose of this appeal, we accept the defendant's version as correct.

a statement against penal interest. By the specific requirements of Rule 804(a)(5), such statements against penal interest are admissible only where the declarant is unavailable by reason of absence from the hearing, and inability to procure his attendance or testimony by process or other reasonable means.

■ "Attendance by process or other reasonable means" includes attendance at the taking of a deposition. As the House of Representatives Judiciary Committee's report says:

> "The amendment is designed primarily to require that an attempt be made to depose a witness (as well as to seek his attendance) as a precondition to the witness being deemed unavailable."

■ Since Ortley's testimony was obtained by deposition, he was not "unavailable" and therefore his testimony was not admissible as an exception to the hearsay rule under Rule 804, which applies only when witnesses are "unavailable."

The defendant relies upon two precedents, *Carson v. Squirrel Inn Corp.*, 298 F.Supp. 1040 (D.S.C.1969), and *Gichner v. Antonio Troiano Tile & Marble Co.*, 133 U.S.App.D.C. 250, 410 F.2d 238 (1969). While both of these cases involved attempts to place into evidence admissions against interest (one successfully, the other unsuccessfully), both cases predated the adoption of the Federal Rules of Evidence and the North Dakota Rules of Evidence, and neither involved the question of whether the deposition of the declarant made him an available witness. We hold that the language of the rule governs in the present case.

The foregoing disposes of the sole issue raised by the defendant. However, we note in passing that the subject matter of the excluded evidence was in fact before the jury in a somewhat modified form.

Earlier in the trial, a police officer, Dennis Bullinger, was allowed to testify, over objection, that he had "been informed by a Ray Moran on the day of the preliminary that a young lady by the name of Foxy Lady had made the statement to Mr. Ortley that 'You shouldn't have kicked him like that.'" So the contention of the defendant had been presented, in a somewhat different form, to the jury.

While the arguments of counsel were not transcribed, we have little doubt that the matter we have been discussing was argued to the jury, and are inclined to believe that if there had been error in the exclusion of the disputed testimony, it would have been error without prejudice.

Affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.